Filed 8/17/21  P. v. Romandia CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ISAAC ROMANDIA,<br><br>    Defendant and Appellant. | H048272<br>(Santa Cruz County<br>Super. Ct. No. 19CR03782) |

Appellant Isaac Romandia pleaded no contest to unlawful sexual intercourse with a minor (Pen. Code, § 261.5, subd. (c)[1]).  The trial court suspended imposition of sentence and placed Romandia on felony probation for three years with conditions.  Subsequently, the trial court ordered additional probation conditions, including requiring Romandia to provide passwords for his electronic devices and accounts and submit to searches of his electronic devices.

On appeal, Romandia contends the conditions regarding his electronic devices and accounts are unconstitutionally vague and overbroad and, relatedly, that his defense counsel was ineffective for failing to adequately object to them.  Romandia further asserts

---

[1] Unspecified statutory references are to the Penal Code.

that this matter should be remanded to allow the trial court to reduce his probationary term under Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (Assembly Bill 1950).

For the reasons explained below, we reverse the order of probation and remand this matter for resentencing with directions to the trial court to modify Romandia's probationary term in accordance with Assembly Bill 1950. We otherwise affirm the trial court's order modifying the conditions of Romandia's probation.

## I. FACTS AND PROCEDURAL BACKGROUND

Romandia met the minor victim through social media when she was 13 years old.[2] For three years thereafter, Romandia used social media applications (Instagram and Snapchat) to maintain contact with the victim. In February 2019, when the victim was 16 years old, she and Romandia engaged in oral copulation and unprotected sexual intercourse at Romandia's worksite.

The following day, the victim sent a text message to Romandia and asked him to take her to a medical facility to obtain birth control. While in Romandia's car, the victim realized Romandia was not driving her to the medical facility and threatened to jump out of the car. Romandia and the victim also had sexual intercourse that day. Romandia was aware that he was more than three years older than the victim. The next day, the victim's father learned of the interaction between the victim and Romandia and notified law enforcement.

In May 2019, the Santa Cruz County District Attorney filed a complaint charging Romandia with contacting a minor to commit a sexual offense (§ 288.3, subd. (a); count 1), oral copulation with a minor (§ 287, subd. (b)(1); count 2), and two counts of unlawful sexual intercourse with a minor who is more than three years younger than him (§ 261.5. subd. (c); counts 3 & 4).

---

[2] Because Romandia entered a plea of no contest, the facts recounted here are drawn from the probation officer's memorandum filed in support of a request for modification of Romandia's probation.

On October 9, 2019, pursuant to a "stipulated resolution," Romandia pleaded no contest to count 4 (i.e., sexual intercourse with a minor, under section 261.5, subdivision (c)).[3] In accord with the plea agreement, the trial court suspended imposition of sentence and placed Romandia on formal probation for three years with conditions, including 180 days in county jail, compliance with a protective/no-contact order, and obeyance of all laws. The court dismissed the remaining counts in the complaint upon the district attorney's motion.

In July 2020, the Santa Cruz County Probation Department requested modification of the terms of Romandia's probation. In a memorandum to the trial court dated July 8, 2020, Romandia's probation officer described Romandia's failure to cooperate with the probation officer and comply with probation requirements.

In the memorandum, the probation officer explained that he had been assigned in April 2020 to supervise Romandia and contacted him by telephone the day after being assigned. Romandia told the probation officer that he lived with relatives and drove a 2012 Dodge Charger. The probation officer asked Romandia to provide his license plate number that day, but Romandia did not comply with the request. The probation officer also told Romandia to report monthly to the probation department using the county's website. Romandia said he understood the probation officer's expectations. Nevertheless, Romandia failed to report in May and June 2020.

---

[3] Romandia's defense counsel described the "stipulated resolution" as follows: "The People are prepared to dismiss all counts except for Count 4. Mr. Romandia will enter a no contest plea to the single violation of Penal Code Section 261.5(c). [¶] The agreement is: This is a stipulated 180-day county jail sentence to be served at halftime. Mr. Romandia will go today to CAPs to apply. If he doesn't get into CAPs and qualifies for an electronic monitor, I'll bring it back to the Court to see if you'll give permission to do that. Mr. Romandia understands there are no promises in that regard. [¶] He agrees that in 18 months this case can be calendared for a [section] 17(b) and reduced to a misdemeanor, assuming Mr. Romandia does well on formal felony probation." The district attorney assented to defense counsel's description of the agreement.

The probation officer recounted further that in late June 2020, he attempted to contact Romandia. Romandia returned the probation officer's call the following day. When the probation officer reminded Romandia about reporting monthly, Romandia responded, " 'Yeah, yeah, yeah, I got to check in monthly, yadda, yadda, yadda.' " The probation officer also reminded Romandia of "the expectations of probation." Romandia became defensive and said, " 'Yeah, because I'm a big threat to society.' " The probation officer then directed Romandia to report in person to further review the terms and conditions of his probation.

Romandia and the probation officer met on July 6, 2020. The probation officer characterized Romandia's behavior during the meeting as "blatantly rude," including "avoid[ing] eye contact," "getting on his telephone," and "rolling his eyes every time he was given a directive." When asked again to provide his license plate number, Romandia stated he drove a silver Dodge Charger. When asked how he had arrived at the probation department that day, Romandia said he drove his blue BMW. The probation officer asked for the vehicle's license plate number and Romandia said he did not know it. The probation officer sought to verify the make and model of the car, but Romandia initially directed the probation officer to a location other than that where the vehicle was in fact parked. The probation officer ultimately observed that Romandia's BMW was mint-colored, not blue.

The probation officer explained in his memorandum to the trial court that Romandia "continues to display a disrespectful, uncooperative type of attitude" and "[h]is resistance towards supervision is concerning as he continues to provide false information and does not appear to have a desire to be on probation and follow simple terms and conditions." The probation officer stated further: "Given that Mr. Romandia does not have search terms, probation cannot effectively ensure that he is not having contact with the victim or other minors through his social media accounts or by any other electronics." The probation officer recommended that the trial court add four conditions to Romandia's

4

probation, including three related to Romandia's electronic devices, accounts, and wireless networks.

On July 14, 2020, the trial court held a hearing on the probation department's request to modify the conditions of Romandia's probation. The trial court informed Romandia that the probation department was asking the court to "add some terms to help make it clear to you that you need to be responsible and allow them to monitor you even more closely." When the trial court asked defense counsel if she had anything to say, defense counsel said, "Your Honor, I'm going to object as to the search of the electronic devices. I'm objecting on Fi[f]th Amendment grounds."

The trial court noted that Romandia had used social media to maintain contact with the victim. The court also found, "[b]ased on that and Mr. Romandia's failure to comply with Probation and his dishonesty with Probation," there is "a sufficient nexus between the requested electronic device addition." In accord with the probation department's recommendation, the court modified Romandia's probation to include four additional conditions. The trial court stated the additional conditions as follows:

"Number one, participate in an educational, vocational, or therapeutic program at the direction of the probation officer.

"Number two, you must make available to Probation all of your user IDs and passwords for all your electronic devices and accounts. Including but not limited to: Your computers, cameras, cell phones, gaming consoles and devices, social networking sites, e-mail accounts, online storage, chat rooms, and blogs. You must not encrypt those passwords, user IDs, or access codes [(hereafter condition No. 2)].

"Number three you may not have any access to any open wireless networks. All your wireless networks must be closed and locked down with the passwords provided to the probation officer.

"And number four you must submit your person, residence, vehicles, and areas under your dominion and control including your electronic and storage devices to search

5

and seizure at any time of the day or night, with or without a warrant for contact with the victim or other minors or your social networking activities [(hereafter condition No. 4)]."

After the trial court stated the additional conditions, defense counsel said, "I want to reiterate my Fifth Amendment objection, triple protection, due process, the conditions as stated are overbroad." The court overruled the objections.

Romandia timely filed a notice of appeal from the trial court's July 14, 2020 order modifying the terms of his probation.

## II. DISCUSSION

A. *Challenged Probation Conditions*

Romandia contends "the electronic search probation condition is unconstitutionally vague and overbroad."[4] (Capitalization omitted.) Romandia argues specifically that the electronics search conditions unnecessarily burden a number of rights—namely: (1) his "right to privacy and do[] not provide adequate notice of the kinds of information subject to [them]"; (capitalization omitted) (2) his "right[] against self-incrimination and fail[] to specify how discovered information may be utilized"; (capitalization omitted) and (3) his "right to free speech and do[] not provide adequate notice of the kinds of information subject to [them]." (Capitalization omitted.) He maintains that, given these flaws, we should strike or order modification of the electronics search conditions. Relatedly, Romandia contends his defense counsel performed deficiently and prejudiced him by failing to "clearly articulate objections to

---

[4] Romandia does not specify exactly which of the additional conditions imposed by the trial court is "the electronic search probation condition" that he now challenges. He does, however, quote condition No. 2 in his argument. Further, the Attorney General states that Romandia's claim appears to challenge condition No. 2 (regarding his "user IDs and passwords for all [his] electronic devices and accounts") and condition No. 4 (regarding the search of his "electronic and storage devices"). In his reply brief, Romandia does not dispute the Attorney General's characterization of the scope of his claim. We therefore proceed on the premise that Romandia challenges condition Nos. 2 and 4 in this appeal. We will refer to those conditions collectively as the "electronics search conditions."

6

the electronics search condition[s] on First, Fourth, and Fourteenth [A]mendment grounds."

The Attorney General counters that the electronics search conditions are valid under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*), are not unconstitutionally vague or overbroad, do not implicate Romandia's Fifth Amendment privilege against self-incrimination, and do not violate his First Amendment right to free speech.[5]  The Attorney General further contends that the only ground "raised on appeal that was not raised below is the claim that the conditions violate [Romandia]'s First Amendment rights," any objection on that ground would have lacked merit, and, regardless of any alleged deficient performance, Romandia fails to demonstrate prejudice.[6]

    1.  <u>Legal Principles and Standard of Review</u>

"The sentencing court has broad discretion to determine whether an eligible defendant is suitable for probation and, if so, under what conditions." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120; § 1203.1, subd. (j).)  Nevertheless, a "probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).)  Stated differently, a probation condition " 'is unconstitutionally overbroad . . . if it (1) "impinge[s] on constitutional rights," and (2) is not "tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation."  [Citations.]

---

[5] In his reply brief, Romandia states that he "did not raise— a reasonableness challenge under *Lent*."  We thus presume that the electronics search conditions are reasonable in this case.  (See *In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118 [citing *Lent*] (*Ricardo P.*); § 1203.1, subd. (j).)

[6] The Attorney General does not otherwise assert forfeiture as to Romandia's First Amendment argument and has addressed the merits of that argument in the respondent's brief.  We thus will address the merits of Romandia's First Amendment argument, assuming it is not forfeited.  Because we consider the merits of all arguments raised by Romandia challenging the electronics search conditions, we need not address his related claim of ineffective assistance of counsel.

The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement.' " (*People v. Arevalo* (2018) 19 Cal.App.5th 652, 656–657 (*Arevalo*).)

"Under the void for vagueness doctrine, based on the due process concept of fair warning, an order ' "must be sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated." ' [Citation.] The doctrine invalidates a condition of probation ' " 'so vague that [persons] of common intelligence must necessarily guess at its meaning and differ as to its application.' " ' [Citation.] By failing to clearly define the prohibited conduct, a vague condition of probation allows law enforcement and the courts to apply the restriction on an ' " 'ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application.' " ' " (*In re Victor L.* (2010) 182 Cal.App.4th 902, 910, quoting *Sheena K.*, *supra*, 40 Cal.4th at p. 890.) "[A] probation condition should not be invalidated as unconstitutionally vague ' " 'if any reasonable and practical construction can be given to its language.' " ' " (*People v. Hall* (2017) 2 Cal.5th 494, 501.)

On appeal, we generally review a trial court's decision to impose conditions of probation for abuse of discretion. (*People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*).) However, whether a probation condition is unconstitutionally overbroad or vague is a question of law, which we review de novo. (See *People v. Appleton* (2016) 245 Cal.App.4th 717, 723; see also *Sheena K.*, *supra*, 40 Cal.4th at p. 888.)

2. Analysis

We first consider Romandia's assertions regarding his right to privacy. Romandia contends that the electronics search conditions "seem[] to completely ignore that [he] has any privacy rights whatsoever" and "permit[] searches of everything from [his] private

8

medical and financial records to communications with an employer, a closest friend, or relative, to information that is political or romantic."

We are not persuaded by Romandia's overbreadth argument. Generally, "[a] probation condition should be given 'the meaning that would appear to a reasonable, objective reader.' " (*Olguin*, *supra*, 45 Cal.4th at p. 382.) Further, we must presume that a probation officer will reasonably exercise the discretion afforded him or her by a probation condition and will not arbitrarily restrict a probationer's freedoms in a manner not tailored to rehabilitative or safety purposes. (See *id*. at p. 383.) Under these principles, the electronics search conditions are not as broad and burdensome as Romandia purports. Although condition No. 2 does not explicitly state any limitation on its requirement that Romandia provide "all of [his] user IDs and passwords for all [of his] electronic devices and accounts," we conclude that the condition must be read in combination with condition No. 4, which limits searches of Romandia's "electronic and storage devices" to inspection "for contact with the victim or other minors or [his] social networking activities." When condition Nos. 2 and 4 relating to electronically stored information are read together, the probation department can only request, under condition No. 2, that Romandia make available his user IDs and passwords to facilitate searches of his electronic devices and accounts for the purpose delineated in condition No. 4.

Having clarified the scope of the electronics search conditions, we next examine " 'the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on [Romandia]'s constitutional rights.' " (*Arevalo*, *supra*, 19 Cal.App.5th at p. 657.) There is no doubt that the electronics search conditions impinge on constitutional privacy rights. (See *Ricardo P.*, *supra*, 7 Cal.5th at pp. 1122–1123.) However, Romandia, "as a probationer, has a diminished expectation of liberty and privacy as compared to an ordinary citizen." (*People v. Garcia* (2017) 2 Cal.5th 792, 810 (*Garcia*); see also *United States v. Knights* (2001) 534 U.S. 112, 119.) Furthermore, his expectation of privacy "is markedly different from the broader privacy guaranteed under

9

the Fourth Amendment to individuals who are not serving sentences or on grants of probation." (*In re Q.R.* (2020) 44 Cal.App.5th 696, 703–704 (*Q.R.*) [distinguishing the expectation of privacy at issue in *Riley v. California* (2014) 573 U.S. 373].)

Generally speaking, electronics search conditions can serve a legitimate purpose in that they "promote rehabilitation and reduce recidivism while helping to protect the community from potential harm by probationers." (*People v. Robles* (2000) 23 Cal.4th 789, 795.) Importantly here, Romandia's prior behavior evinced his inclination to use electronic devices and social media to communicate with his minor victim over a period of years. In addition, at sentencing, the trial court ordered Romandia to stay away from the victim and obey all laws. Consequently, the probation department has a compelling interest here in curtailing similar behavior by Romandia in the future and monitoring any instrumentality he might use to engage in that behavior. (See *People v. Ebertowski* (2014) 228 Cal.App.4th 1170, 1175–1176 (*Ebertowski*).)

Further, as we explained above, the electronics search conditions in this case are limited by their stated purpose, i.e., to search for any contact with the victim or other minors and social networking activities. Given Romandia's past behavior, such monitoring of his electronic devices and accounts by the probation department is appropriate to ensure that he is adequately supervised and rehabilitated while on probation. The electronics search conditions also do not place unnecessary burdens on Romandia's privacy rights because they are closely tailored and reasonably related to the legitimate purpose. Based on the facts here, we conclude that the electronics search conditions are not unconstitutionally overbroad as applied to Romandia.[7] (See *Q.R.*, *supra*, 44 Cal.App.5th at p. 704; *Ebertowski*, *supra*, 228 Cal.App.4th at pp. 1175–1176.)

---

[7] We note that the California Supreme Court's decision *Ricardo P.*—which Romandia cites and which addressed a challenge to an electronics search condition under *Lent*—also is factually distinguishable from Romandia's case. In *Ricardo P.*, there was "no suggestion in the record . . . that Ricardo has ever used electronic devices to commit,

10

Regarding the alleged vagueness of the electronics search conditions as related to privacy, Romandia contends the conditions "do[] not distinguish between the types of information available to probation and the types of information not subject to the order." When reviewing a probation condition challenged on vagueness grounds, we are "guided by the principles that 'abstract legal commands must be applied in a specific *context*,' and that, although not admitting of 'mathematical certainty,' the language used must have ' "*reasonable* specificity." ' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.)

Here, contrary to Romandia's contention, the electronics search conditions state the types of electronic devices and accounts that are subject to user ID and password disclosure (under condition No. 2) and to search for specified information (under condition No. 4). Given the level of specificity in condition Nos. 2 and 4, we conclude the electronics search conditions are not unconstitutionally vague. Rather, the conditions are sufficient for Romandia to know what is required of him and for the court to determine whether the conditions have been violated. (See *In re Malik J.* (2015) 240 Cal.App.4th 896, 904–905.)

We turn next to Romandia's argument that the electronics search conditions unnecessarily burden his privilege against self-incrimination. "The Fifth Amendment to the United States Constitution states that '[n]o person . . . shall be compelled in any criminal case to be a witness against himself [or herself].' The high court has made clear that the meaning of this language cannot be divorced from the historical practices at which it was aimed, namely, the brutal inquisitorial methods of ' "putting the accused upon his [or her] oath and compelling him [or her] to answer questions designed to uncover uncharged offenses, without evidence from another source." ' [Citations.] At its core, the privilege protects against the 'cruel trilemma of self-accusation, perjury or contempt.' [Citation.] Accordingly, the amendment prohibits the direct or derivative

---

plan, discuss, or even consider unlawful use or possession of drugs or any other criminal activity." (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1119.)

11

criminal use against an individual of 'testimonial' communications of an incriminatory nature, obtained from the person under official compulsion." (*People v. Low* (2010) 49 Cal.4th 372, 389–390.)

The electronics search conditions here do not burden Romandia's Fifth Amendment privilege against self-incrimination. It is a "settled proposition that a person may be required to produce specific documents even though they contain incriminating assertions of fact or belief because the creation of those documents was not 'compelled' within the meaning of the privilege." (*United States v. Hubbell* (2000) 530 U.S. 27, 35–36; see also *Fisher v. United States* (1976) 425 U.S. 391, 401 (*Fisher*) ["[T]he Fifth Amendment protects against 'compelled self-incrimination, not (the disclosure of) private information.' "]; *People v. Sanchez* (1994) 24 Cal.App.4th 1012, 1024.) Because the electronics search conditions do not compel Romandia to generate incriminatory statements, they do not implicate his Fifth Amendment privilege.

Even if we assume that the electronics search conditions require "compelled testimonial communications," (*Fisher*, *supra*, 425 U.S. at p. 409) the conditions do not violate Romandia's Fifth Amendment privilege because they do not purport to authorize the use of any of Romandia's communications in a criminal proceeding. (See *Chavez v. Martinez* (2003) 538 U.S. 760, 767–769; *Maldonado v. Superior Court* (2012) 53 Cal.4th 1112, 1134.) "A state may validly insist on answers to even incriminating questions and hence sensibly administer its probation system, as long as it recognizes that the required answers may not be used in a criminal proceeding and thus eliminates the threat of incrimination." (*Minnesota v. Murphy* (1984) 465 U.S. 420, 435, fn. 7; see also *Garcia*, *supra*, 2 Cal.5th at pp. 806–807.) For this reason, the electronics search conditions do not impinge on Romandia's Fifth Amendment privilege and thus are not overbroad as to that constitutional protection.

We also reject Romandia's argument that the electronics search conditions are vague "because there is no clarification in the condition that the information may not be

used in a subsequent criminal proceeding." The conditions are, on their face, clear and specific. That the conditions do not explicitly bar a prosecutor from seeking to use evidence obtained pursuant to the conditions in a subsequent criminal proceeding does not render the conditions vague. If such a circumstance were to occur, Romandia could then assert any applicable Fifth Amendment privilege. (See *Garcia*, *supra*, 2 Cal.5th at pp. 803, 806–807.)

As for Romandia's contention that the electronics search conditions are overbroad because they have a "chilling effect" on his First Amendment right to free speech, we are not persuaded by his argument. Romandia asserts that, given the electronics search conditions, he "may be hesitant or fearful to express many lawful and legitimate thoughts, feelings, and ideas." We do not doubt that the electronics search conditions may affect Romandia's speech in terms of contact with minors and social networking. But as explained above, the conditions are narrowly tailored and reasonably related to a compelling State interest in preventing future criminality by Romandia. In this circumstance, we conclude the electronics search conditions do not unnecessarily impinge on Romandia's right to free speech. (See *Sheena K.*, *supra*, 40 Cal.4th at p. 890.) For similar reasons, we reject Romandia's vagueness argument. Contrary to Romandia's assertion, the electronics search conditions reasonably notify him that his electronic devices and accounts are subject to search for any communication made to contact the victim or other minors and his social networking activities.

In sum, given the circumstances in this case, the probation department has a compelling interest in monitoring Romandia's behavior to promote his reformation and rehabilitation while protecting the public from any further criminal activity with minors. The challenged electronics search conditions serve that purpose with specificity and without unduly burdening Romandia's constitutional rights. We conclude the electronics search conditions are not unconstitutionally vague or overbroad as applied to Romandia.

B.  *Romandia's Probationary Term*

At the time of Romandia's plea and sentencing in October 2019, the trial court had the authority to impose a three-year probationary term.  (Former § 1203.1, subd. (a).)  On January 1, 2021, Assembly Bill 1950 took effect and reduced the maximum probationary term for most felony offenses to two years.  (Stats. 2020, ch. 328, § 2; § 1203.1, subds. (a), (m); *People v. Quinn* (2021) 59 Cal.App.5th 874, 879 (*Quinn*).)  Section 1203.1, subdivision (a), now states in relevant part:  "The court, or judge thereof, in the order granting probation, may suspend the imposing or the execution of the sentence and may direct that the suspension may continue for a period of time not exceeding two years, and upon those terms and conditions as it shall determine."  (§ 1203.1, subd. (a).)  There is an exception to the new two-year limitation for certain felonies, but that exception does not apply here.  (See § 1203.1, subd. (m).)

Romandia contends the statutory change effected by Assembly Bill 1950 applies retroactively to his probationary term because his case is not yet final on appeal.  The Attorney General does not contest that Assembly Bill 1950 is an ameliorative change that applies to cases not yet final on appeal.  We decide that Romandia's claim under Assembly Bill 1950 can be considered in this appeal from an order modifying his probation.  (See *People v. McKenzie* (2020) 9 Cal.5th 40, 43, 45-46.)  We further decide that Assembly Bill 1950 applies to Romandia, and the suspension of imposition of Romandia's sentence and his related probationary term may therefore not exceed two years.  (*Quinn*, *supra*, 59 Cal.App.5th at pp. 879–885; *People v. Sims* (2021) 59 Cal.App.5th 943, 955–964 (*Sims*); *People v. Stewart* (2021) 62 Cal.App.5th 1065, 1070–1074 (*Stewart*); § 1203.1, subds. (a), (m).)

Given that Romandia's probationary term is subject to the current two-year limitation in section 1203.1, we must determine the proper remedy to effectuate the new law.  Romandia contends "the matter should be remanded for his felony probation to be reduced to two years."  The Attorney General agrees that remand is appropriate and states

that "remanding the case and directing the trial court to terminate probation consistent with [Assembly Bill] 1950 is preferable to the appellate court striking any term in excess of that provided by [Assembly Bill] 1950, or terminating probation without remand."**[8]**

We conclude that remanding this matter for resentencing under current section 1203.1—without directing the trial court to reduce Romandia's probationary term to two years—is the proper remedy because it will afford the trial court an opportunity to reexamine the terms and conditions of probation in light of the reduction of the maximum term of probation. (See *Sims*, *supra*, 59 Cal.App.5th at p. 964; *People v. Lord* (2021) 64 Cal.App.5th 241, 245–246.) We will reverse the order of probation and remand the matter to the trial court for resentencing with a general direction to modify Romandia's probationary term in accordance with current section 1203.1, subdivision (a).

## III. DISPOSITION

The order of probation is reversed, and the matter is remanded to the trial court for resentencing with directions to modify Romandia's term of probation in accord with Penal Code section 1203.1, subdivision (a), as amended by Assembly Bill No. 1950 (2019-2020 Reg. Sess.). We otherwise affirm the trial court's July 14, 2020 order modifying the conditions of Romandia's probation.

---

**[8]** We note the Attorney makes no argument that, on remand, the district attorney must be given an opportunity to either agree to the reduced probationary term or withdraw from the plea agreement under which probation was imposed, or that the trial court should be allowed to rescind its approval of the agreement. (See *Stewart*, *supra*, 62 Cal.App.5th at pp. 1074–1079 [rejecting the application of *People v. Stamps* (2020) 9 Cal.5th 685 to Assembly Bill 1950].) We thus express no opinion on that issue and otherwise only note that the "stipulated resolution" described by defense counsel in this case did not include any length for the probationary term agreed to by the parties and approved by the trial court.

_____
                                 Danner, J.

WE CONCUR:


_____
Greenwood, P.J.



_____
Grover, J.




**H048272**
*People v. Romandia*